UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LLOYD T. SCHUENKE,

        Petitioner,

v.                                      Case No. 21-C-1353

JENNIFER KOSTRZEWA,

        Respondent.

_____

## DECISION AND ORDER

Lloyd T. Schuenke filed a petition for a writ of habeas corpus alleging that he is being held in custody past the expiration of his sentence. Before me now are the respondent's motion to dismiss the petition and two motions filed by Schuenke.

### I. BACKGROUND

In 2009, Schuenke was convicted of two crimes in the Milwaukee County Circuit Court: battery (with enhancements) and substantial battery with intended bodily harm (also with an enhancement). On Count 1, he was sentenced to four years of initial confinement and fifteen months of extended supervision. On Count 2, he was sentenced to five years of initial confinement and two years of extended supervision. The sentence on Count 2 was to be served consecutive to Count 1, but both counts were to run concurrent with a preexisting revocation sentence Schuenke was already serving. (ECF No. 15-3 in Case No. 18-C-0151.[1])

---

[1] Neither party has filed the judgment of conviction under the caption of the present case. However, the judgment was filed in a prior habeas petition brought by Schuenke, and thus I cite to the record in that case.

After Schuenke completed his nine-year period of initial confinement on both counts, he was released to extended supervision. This occurred on February 13, 2018. Schuenke completed his period of extended supervision on Count 1 fifteen months later, on May 14, 2019, and began serving his two-year period of extended supervision on Count 2 at the same time. Had Schuenke served this period without incident, he would have been released from extended supervision on May 14, 2021. However, on May 17, 2019, Schuenke absconded from supervision, and for that reason the Department of Corrections placed a stop on his period of supervision. The stop remained in effect until November 7, 2021. On that date, Schuenke was arrested for assault and taken into custody. Criminal proceedings relating to that case are ongoing in state court.

Because Schuenke was in absconder status for more than two years, his extended supervision did not expire as scheduled on May 14, 2021. After Schuenke was arrested in November 2021, the respondent (Schuenke's agent) initiated revocation proceedings related to his period of supervision on Count 2. Schuenke has been in custody at the Milwaukee Secure Detention Facility ever since. The record does not indicate whether a revocation hearing has been held or whether Schuenke's extended supervision has been revoked.

When Schuenke filed the present case, I understood him to be claiming that he was in custody in violation of federal law because his sentence had expired. *See McNeil v. Director, Patuxent Institution*, 407 U.S. 245 (1972). Along with his petition, Schuenke filed a motion for an emergency injunction to stop his revocation hearing. In a prior order, I denied the motion because Schuenke had not submitted evidence showing that his sentence had actually expired. (ECF No. 5.) Specifically, I noted that although more time

had elapsed since Schuenke began serving his sentence than he had been sentenced to, Schuenke would still be lawfully in custody if his extended supervision had been revoked. That was so, I reasoned, because under Wisconsin law, a revocation can extend a period of supervision beyond the original maximum discharge date. *See* Wis. Stat. § 302.113(a)(am); *State ex rel. McAdory v. Wiedenhoeft*, No. 2014AP96, 2014 WL1781470, at *2–3 (Ct. App. April 21, 2015).

After denying the motion for an emergency injunction, I reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to file a response. Before the respondent filed a response, Schuenke filed a motion for reconsideration of my earlier denial of his motion for an emergency injunction. In that motion, Schuenke does not dispute that, under the Wisconsin "statutory scheme," his sentence has not expired. (ECF No. 9 at 3.) However, he contends that the statutory scheme itself violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment because it grants the Wisconsin Department of Corrections "the ability to use the revocation process as a way to continually keep a convicted person in [their] custody indefinitely." (*Id.*)

The respondent then filed the present motion to dismiss, which raises two grounds for dismissal. First, the respondent contends that Schuenke is not entitled to relief on the merits because his sentence has not expired. Her evidence shows that Schuenke was placed on absconder status only three days after he began serving his two-year period of supervision on Count 2, which tolled the period of supervision until the time of his arrest in November 2021. Thus, almost the entire length of Schuenke's two-year period of

supervision remains to be served. Second, the respondent contends that Schuenke has not exhausted his state remedies by raising his federal claims in the state courts.

On February 25, 2022, Schuenke filed a second motion for an emergency injunction. In this motion, he asserts that he is being held in custody beyond his maximum discharge date, which he believes was November 20, 2018. (ECF No. 17 at 2.) On March 8, 2022, Schuenke filed a brief in support of his petition and in support of his motion for an emergency injunction hearing. In this brief, Schuenke appears to offer a calculation showing that his sentence expired on December 3, 2018. (ECF No. 18 at 4–5.) Under this computation, Schuenke believes that he began serving his battery and substantial battery sentences on September 3, 2008, the same date on which he began serving his two-year revocation sentence. The plaintiff further believes that, because the judgment of conviction for his later convictions for battery and substantial battery provides that Counts 1 and 2 are to run concurrent with the revocation sentence, the first two years of initial confinement on both Counts 1 and 2 were running while he was also serving the revocation sentence. Based on this belief, the plaintiff contends that he had only five years left on his term of initial confinement on Counts 1 and 2 when his revocation sentence expired on September 3, 2010—two years left on Count 1 and three years left on Count 2. Therefore, the plaintiff believes, his three-year-and-three-month term of extended supervision should have commenced on September 3, 2015 and ended on December 3, 2018.

In none of his filings does Schuenke contend that he raised any of the issues he pursues in the present case in filings directed to the Wisconsin trial and appellate courts. Thus, the respondent's allegation that Schuenke has not exhausted his claims is

undisputed. However, because Schuenke's petition clearly fails on the merits, I will consider the merits notwithstanding his failure to exhaust. *See* 28 U.S.C. § 2254(b)(3) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## II. DISCUSSION

When I reviewed the petition under Rule 4, I determined that the only cognizable claim presented was that Schuenke's custody violated the Due Process Clause because he was being held past the expiration of his sentence. The respondent's evidence establishes that Schuenke's sentence has not expired: Schuenke's two-year period of extended supervision on Count 2, which began on May 14, 2019, was tolled once Schuenke absconded from supervision on May 17, 2019. The period remained tolled until he was arrested on November 7, 2021. Thus, as of November 7, 2021, Schuenke had nearly the entire two-year period of supervision left to serve. The Department of Corrections therefore continues to have the lawful authority to revoke Schuenke's extended supervision.

Schuenke does not dispute that he was placed on absconder status and does not contend that tolling the sentence during his time on absconder status violated federal law. Although Schuenke had previously asserted that the Wisconsin statutory scheme violated the Equal Protection and Due Process Clauses because it allowed a revocation to lengthen the sentence beyond its original maximum discharge date, that argument is moot given that Schuenke's sentence has not been lengthened by a revocation. Instead, the sentence was tolled due to his absconder status. In any event, Schuenke develops no legal argument showing that the Wisconsin statutory scheme is unconstitutional, so

5

he would not be entitled to habeas relief on that ground even if it were not moot. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (although pro se filings are construed liberally, the litigant must still present cogent arguments in support of his claim).

In his more recent filings, Schuenke contends that his sentence was computed improperly. However, the record shows that this is not the case. After receiving credit for time served, Schuenke's sentence began on February 14, 2009.[2] He then served his four-year period of initial confinement on Count 1 and his consecutive five-year period of initial confinement on Count 2. He was released onto extended supervision on February 14, 2018, nine years after he began serving his nine-year period of confinement. Schuenke completed his fifteen-month period of extended supervision on Count 1 on May 14, 2019, and, on that date, began serving his two-year period of extended supervision on Count 2. He absconded three days later. All of this is consistent with the Department of Correction's still having the lawful authority to revoke Schuenke's extended supervision and confine him on Count 2.

Schuenke's own computation of his sentence appears to be based on two errors. First, he believes that, because the sentencing court made the sentences on Counts 1 and 2 concurrent with his prior revocation sentence, the sentences on Counts 1 and 2 must have commenced on the same day that the revocation sentence commenced. However, the sentences on Counts 1 and 2 commenced on the date Schuenke was sentenced on those counts, which was May 28, 2009. *See* Wis. Stat. § 973.15(1)

---

[2] The judgment of conviction shows a sentencing date of May 28, 2009 with 104 days' credit. (ECF No. 15-3 in Case No. 18-C-0151.) Thus, the sentence began on February 14, 2009. (*See also* Feb. 16, 2022 Letter to Schuenke from DOC, ECF No. 18-1 in Case No. 21-C-1353.)

6

Case 2:21-cv-01353-LA   Filed 04/11/22   Page 6 of 8   Document 19

(providing that all sentences commence at noon on the day of sentence). At that point, Schuenke was entitled to 104 days of credit for time served, so the date to begin any calculation of his sentence was February 14, 2009. The concurrent designation did not cause the sentences on Counts 1 and 2 to retroactively begin running on the date that the revocation sentence commenced. Instead, that designation meant that the commencement of the sentences on Counts 1 and 2 would not be *deferred* until Schuenke finished serving his revocation sentence, as it would have been had the sentences been consecutive to the revocation sentence.

Second, Schuenke erroneously believes that, because the sentences on Counts 1 and 2 were concurrent with the revocation sentence, the period of confinements on *both* Counts 1 and 2 were running while the plaintiff was finishing his revocation sentence. This belief is erroneous because the judgment provides that the sentence on Count 2 is consecutive to the sentence on Count 1. In other words, the plaintiff was sentenced to a total of nine years' initial confinement on Counts 1 and 2, and it was this nine-year period that ran concurrent with the revocation sentence. Accordingly, the nine-year period of confinement on Counts 1 and 2 ran from February 14, 2009 to February 14, 2018, and the DOC correctly released the plaintiff onto extended supervision on February 14, 2018.

In short, because the record demonstrates that the plaintiff remains subject to extended supervision on Count 2 of his 2009 conviction, his claim that he is in custody in violation of the Constitution fails on the merits. The respondent's motion to dismiss will be granted.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the respondent's motion to dismiss the petition is **GRANTED**. The petition is **DISMISSED** on the merits. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that Schuenke's motion for reconsideration (ECF No. 9) and his motion for an emergency injunction hearing (ECF No. 17) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2022.

s/Lynn Adelman
LYNN ADELMAN
District Judge